Schoen v Tops Mkts., LLC (2018 NY Slip Op 01705)





Schoen v Tops Mkts., LLC


2018 NY Slip Op 01705


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


21 CA 17-01541

[*1]BARBARA S. SCHOEN, PLAINTIFF-RESPONDENT,
v
TOPS MARKETS, LLC, DEFENDANT-APPELLANT. 






DIXON & HAMILTON, LLP, GETZVILLE (MICHAEL B. DIXON OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE LAW OFFICES OF MICHAEL G. COOPER, HAMBURG (MICHAEL G. COOPER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered February 10, 2017. The order, insofar as appealed from, denied those parts of the motion of defendant for summary judgment seeking dismissal of the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant had actual notice of or created the allegedly dangerous condition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in part, and the complaint is dismissed to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant had actual notice of or created the allegedly dangerous condition.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on "hair detangler" liquid that was spilled on the floor of defendant's store. In her complaint, plaintiff alleges theories of negligence premised on actual notice, constructive notice, and creation of a dangerous condition. Defendant moved for summary judgment dismissing the complaint, and Supreme Court denied the motion. On appeal, defendant concedes that there are material issues of fact with respect to constructive notice, but contends that the court erred in denying those parts of its motion with respect to the theories of actual notice and creation of a dangerous condition. We agree with defendant that it met its initial burden on the motion with respect to those theories, and that plaintiff failed to raise a triable issue of fact with respect thereto (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]). We therefore reverse the order insofar as
appealed from and grant those parts of defendant's motion.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court